```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
DARLENE MCCAFFREY, AS ADMINISTRATRIX
OF THE ESTATE OF PATRICK MCCAFFREY,
DECEASED,

                    Plaintiff,                      COMPLAINT

        -against-


MILLENNIUM PIPELINE COMPANY, LLC,

                    Defendants.
------------------------------------------X
```

Plaintiff, by her attorneys, DAVID P. KOWNACKI, P.C., complaining of the defendants herein, respectfully alleges, upon information and belief, as set forth as follows:

**AS AND FOR THE FIRST CAUSE OF ACTION**

1.  Jurisdiction is properly founded upon 28 U.S.C.§ 1332(a) because plaintiff and the defendants are citizens of different states and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Plaintiff demands a jury trial.

2.  That at all relevant times the plaintiff DARLENE MCCAFFREY was and still is a resident of the Town of Clinton, County of Hunterdon, and State of New Jersey.

3.  That by Order of the Surrogate's Court, Hunterdon County dated June 12, 2008, Letters of Administration Ad Prosequendum were issued to DARLENE MCCAFFREY and she has duly qualified as Administratrix and is acting as such.  A copy of the letters is annexed as Exhibit "A."

4.  That at all times hereinafter mentioned, defendant

MILLENNIUM PIPELINE COMPANY, LLC (hereinafter "MILLENNIUM") was and still is a domestic corporation duly organized and existing by virtue of the laws of the State of New York.

5. That at all times hereinafter mentioned, defendant MILLENNIUM was and still is a foreign corporation doing business in the State of New York.

6. That at all times hereinafter mentioned, defendant MILLENNIUM was the developer of the pipeline construction project located within Harriman State Park, Counties of Rockland and Orange, State of New York.

7. That at all times hereinafter mentioned, defendant MILLENNIUM was the owner of the subject property containing the pipeline located within Harriman State Park, Counties of Rockland and Orange, State of New York.

8. That at all times hereinafter mentioned MILLENNIUM owned an easement for its pipeline within Harriman State Park, Counties of Rockland and Orange, State of New York.

9. That at all times hereinafter mentioned MILLENNIUM owned the pipeline passing through Harriman State Park, Counties of Rockland and Orange, State of New York.

10. That at all times hereinafter mentioned, defendant MILLENNIUM was the general contractor supervising the renovation, construction and/or demolition work being performed within Harriman State Park, Counties of Rockland and Orange, State of New York.

11. That at all times hereinafter mentioned, defendant MILLENNIUM operated the construction site located within Harriman State Park, Counties of Rockland and Orange, State of New York.

12. That at all times hereinafter mentioned, defendant MILLENNIUM maintained the construction site located within Harriman State Park, Counties of Rockland and Orange, State of New York.

13. That at all times hereinafter mentioned, defendant MILLENNIUM supervised the construction site located within Harriman State Park, Counties of Rockland and Orange, State of New York.

14. That at all times hereinafter mentioned, defendant MILLENNIUM managed the construction site located within Harriman State Park, Counties of Rockland and Orange, State of New York.

15. That at all times hereinafter mentioned, defendant MILLENNIUM controlled the construction site located within Harriman State Park, Counties of Rockland and Orange, State of New York.

16. That at all times hereinafter mentioned, PATRICK MCCAFFREY was an employee of Precision Pipeline performing certain construction, renovation and/or demolition work at the aforesaid premises.

17. That upon information and belief, the defendant entered into written agreements, prior to September 15, 2007, with PATRICK MCCAFFREY's employer Precision Pipeline for work to be

performed as part of the construction/ renovation of the premises located within Harriman State Park, Counties of Rockland and Orange, State of New York.

    18.   That this action falls within one or more of the exceptions set forth in CPLR §1600-1603.

    19.   That at all times hereinafter mentioned, defendant MILLENNIUM supervised, directed, managed and organized all construction, renovation and/or demolition work performed at the premises located at Harriman State Park, Counties of Rockland and Orange, State of New York.

    20.   That on September 15, 2007, at approximately 10:00 a.m. of that day, while the plaintiff's decedent, PATRICK MCCAFFREY, was working at the aforesaid location, his vehicle rolled over and he was caused to fall, be injured and crushed, and to sustain severe, serious and ultimately fatal personal injuries.

    21.   That the occurrence of the aforesaid accident was caused solely and wholly by the negligence, culpable conduct, carelessness and recklessness of the defendant, its agents, servants, and/or employees, in that it caused, permitted and/or allowed the working area at the aforesaid premises to be, become and remain in an unsafe, hazardous condition; failed to take the necessary precautions and safeguards to prevent the accident; failed to provide a safe place to work; failed to inspect and provide a suitable means of protecting and safeguarding persons at the aforesaid work site, and, in particular, this plaintiff;

caused, permitted and allowed unsafe and hazardous conditions to exist at the site of the construction and renovation; caused, permitted, and allowed a trap to exist; failed to supply a level ground for work to be performed; fail to crib the tracks in the area where work was being performed; failed to properly grade the area where work was being performed; failed to give warning about unlevel, uneven, unstable and excessively graded work areas; failed to comply with the Labor Law of the State of New York; failed to comply with the rules promulgated by the Board of Standards and Appeals, Title 29 of the Occupational Safety and Health Administration Statutes; failed to comply with Rule 23 of the Industrial Code of Official Compilation of Codes, Rules and Regulations of the State of New York; failed to conduct safety meetings; failed to provide safety instructions to the employees on the job site; failed to provide safety equipment to workers on the job site; disregarded the dangerous conditions on the job site of which they were on notice; failed to inspect and protect and safeguard persons at the work site; violated Sections 200, 240(1) and 241(6) of the Labor Law of the State of New York; failed to implement and maintain a safety program at the job site; failed to implement safety procedures at the job site; negligently failed to comply with safety procedures which were in place at the job site; failed to require regular safety meetings; caused, permitted and allowed dangerous conditions to exist; and were otherwise careless and negligent in the premises.

    22. That by reason of the foregoing plaintiff's decedent

PATRICK MCCAFFREY was caused to and did sustain severe, painful and serious personal injuries in and about his head, limbs and body; became sick, sore, lame and disabled, and was caused to suffer contusions, abrasions, lacerations, fractures and/or sprains; was caused to suffer a severe shock to his nervous system and certain internal injuries; was caused to suffer mental anguish, loss of the pursuits and pleasures of life and bodily injuries; loss of ability to earn a living; and fear of impending death, all to his damage in the sum of $5,000,000.00

**AS AND FOR A SECOND CAUSE OF ACTION**

23.  Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs of the complaint with the same force and effect as if fully set forth at length herein.

24.  That by reason of the foregoing, PATRICK MCCAFFREY suffered severe personal injuries as a result of which he died on or about September 15, 2007.

25.  That decedent's death was wrongful within the meaning of New York's wrongful death laws.

26. That PATRICK MCCAFFREY left surviving as his next of kin, his wife, DARLENE MCCAFFREY, and children, Shane Mccaffrey and Jared Mccaffrey, and that by reason of his wrongful death they have been damaged in the sum of $5,000,000.00.

**AS AND FOR A THIRD CAUSE OF ACTION**

27.  Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs of the

complaint with the same force and effect as if fully set forth at length herein.

28. That at all times hereinafter mentioned, plaintiff DARLENE MCCAFFREY was the wife of the decedent PATRICK MCCAFFREY and said plaintiffs had lived and cohabited as husband and wife.

29. That by reason of the negligence of the defendants as aforesaid, plaintiff DARLENE MCCAFFREY was deprived of the services, society, companionship, affection and consortium of her husband to which she was entitled, all to her damage in the sum of $500,000.00.

**WHEREFORE**, plaintiff demand judgment against the defendant, it's agents, servants and/or employees: On the First Cause of Action, in the sum of $5,000,000.00; On the Second Cause of Action in the sum of $5,000,000.00; On the Third Cause of Action in the sum of $500,000.00, together with costs and disbursements of this action along with pre-judgment interest and for whatever further relief this Court deems just and proper.

Dated: New York, New York
       July 29, 2008          Yours, etc.,

                                  _____
                                  David P. Kownacki (2601)
                                  **DAVID P. KOWNACKI, P.C.**
                                  *Attorney for Plaintiff*
                                  420 Lexington Avenue
                                  Suite 2031
                                  New York, New York 10170
                                  (212) 557-4190

F:\H to N\McCaffrey, D\complaint2.wpd