UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DARLENE MCCAFFREY, AS ADMINISTRATRIX OF
THE ESTATE OF PATRICK MCCAFFREY,
DECEASED,

                          Plaintiff,

          -against-

MILLENNIUM PIPELINE COMPANY, LLC and MBF
SERVICES, INC.,

                        Defendants.
------------------------------------------------------------------X

**ANSWER TO AMENDED COMPLAINT**

08-CV-6917

      The defendant, **MBF SERVICES, INC.**, by its attorney, Edward Garfinkel, as and for an answer to the complaint of the plaintiffs herein, respectfully alleges upon information and belief:

    **FIRST:**      Admits paragraph 7 of the complaint.

    **SECOND:**    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs **2, 3, 8, 11, 13, 15, 20, 22, 24, 26, 27, 28, 30 and 31** of the complaint.

    **THIRD:**     Denies paragraphs **6, 10, 12, 14, 16, 17, 18, 19, 21, 23, 25, 27, 29, 32, 34, 35, 36 and 38** of the complaint.

    **FOURTH:**    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph **1, 4 and** of the complaint and respectfully refers all questions of law to the court.

    **FIFTH:**     Denies paragraphs **33 and 37** of the complaint and respectfully refers all questions of law to the court.

    **SIXTH:**     Repeats the admissions and denials to the paragraphs of the complaint repeated and re-alleged in paragraph designated as **39** of the complaint.

**SEVENTH:** Denies paragraphs **40 and 42** of the complaint.

**EIGHTH:** Denies paragraph **41** of the complaint and respectfully refers all questions of law to the court.

**NINTH:** Repeats the admissions and denials to the paragraphs of the complaint repeated and re-alleged in paragraph **43** of the complaint.

**TENTH:** Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph **44** of the complaint.

**ELEVENTH:** Denies paragraph **45** of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That the injuries and damages to the plaintiffs were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiffs and any such alleged damages should be fully or partially diminished by said culpable conduct and want of care pursuant to CPLR Article 14-A.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That the plaintiffs received remuneration and/or compensation for some or all of his claimed economic loss and that the defendant is entitled to have plaintiff's award, if any, reduced by the amount of that remuneration and/or compensation, pursuant to Section 4545(c) of the Civil Practice Law and Rules and the Federal Rules of Civil Procedure.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That the liability of the defendant, MBF SERVICES, INC., if any, does not exceed fifty percent (50%) of the liability assigned to all persons and that the liability of the defendant, MBF SERVICES, INC., if any, for non-economic loss is limited pursuant to Article 16 of the CPLR.

### AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST THE CO-DEFENDANT, MILLENNIUM PIPELINE COMPANY, LLC, THE DEFENDANTS, MBF SERVICES, INC., ALLEGES:

That any injuries and damages sustained by the plaintiffs herein as a result of the alleged incident described in the plaintiffs' Complaint were sustained in whole or in part by reason of the negligence or other breach of duty on the part of the co-defendant, MILLENNIUM PIPELINE COMPANY, LLC.

That if it is determined that the defendant, MBF SERVICES, INC. is liable in any degree to the plaintiffs, whether because of negligence, by operation of law or any other reason, the defendant, MBF SERVICES, INC., is entitled to have the liability apportioned among and between the defendants by way of contribution and/or is entitled to be indemnified by one or more of said co-defendants.

### AS AND FOR A CROSS-CLAIM FOR INDEMNIFICATION AGAINST THE CO-DEFENDANT, MILLENNIUM PIPELINE COMPANY, LLC THE DEFENDANT, MBF SERVICES, INC. ALLEGES:

That on or before the date of the alleged accident, the defendant, MBF SERVICES, INC. entered into an agreement with co-defendant, MILLENNIUM PIPELINE COMPANY, LLC whereby said co-defendant agreed to indemnify and hold defendant harmless in the event any suit or claim for personal injuries, property damage and/or wrongful death was made as a result of the work being done pursuant to said agreement.

That said agreement was in full force and effect on date of accident.

That the claims being made by the plaintiffs herein, if true, will entitle the defendant, MBF SERVICES, INC., to be indemnified and held harmless as aforesaid.

## AS AND FOR A CROSS-CLAIM FOR INDEMNIFICATION AGAINST THE CO-DEFENDANT, MILLENNIUM PIPELINE COMPANY, LLC THE DEFENDANT, MBF SERVICES, INC.ALLEGES:

That on or before the date of the alleged accident, the defendant, MBF SERVICES, INC., entered into an agreement with the co-defendant, MILLENNIUM PIPELINE COMPANY, LLC, whereby said co-defendant agreed to purchase insurance providing coverage for the defendant, MBF SERVICES, INC., for part or all of the loss or injury claimed by the plaintiff herein.

That said agreement was in full force and effect on the date of the alleged accident.

That the co-defendant failed to provide such insurance as required by the said agreement.

That, therefore, the co-defendant is liable to the defendant, MBF SERVICES, INC., to the extent of any such insurance coverage which should have been purchased to protect the defendant, MBF SERVICES, INC.in the event that any recovery is had against the answering defendant.

## AS AND FOR A CROSS-CLAIM FOR INDEMNIFICATION FOR BREACH OF INSURANCE PROCUREMENT PROVISION AGAINST THE CO-DEFENDANTS, MILLENNIUM PIPELINE COMPANY, LLC THE PARTY DEFENDANT, MBF SERVICES, INC., ALLEGES:

That on or before the date of the alleged accident, the defendant, MBF SERVICES, INC., entered into an agreement with the co-defendant, MILLENNIUM PIPELINE COMPANY, LLC whereby said co-defendant agreed to purchase and maintain insurance providing coverage for the defendant, MBF SERVICES, INC., for part or all of the loss or injury claimed by the plaintiff herein.

That said agreement was in full force and effect on and before the date of the alleged accident.

That the co-defendant failed to provide and maintain such insurance as required by the said agreement.

That, therefore, the co-defendant is liable to the defendant, MBF SERVICES, INC. to the extent of any such insurance coverage which should have been purchased and maintained to protect the defendant, MBF SERVICES, INC., in the event that any recovery is had against the answering defendant.

WHEREFORE, the defendant, **MBF SERVICES, INC.**, demands judgment dismissing the Complaint and further demands judgment over and against the plaintiffs, for the amount of any judgment obtained against this defendant, **MBF SERVICES, INC.**, by the plaintiffs or on the basis of apportionment of responsibility in such amounts as a jury or Court may direct together with costs, disbursements, and expenses of this action including attorneys' fees.

Dated: Brooklyn, New York
May 22, 2009

Yours etc.,
The Law Offices of Edward Garfinkel
Attorneys for Defendant,
MBF SERVICES, INC.

By: _____
David Persky (DP7743)
12 Metrotech Center, 28th Floor
Brooklyn, New York 11201-3837
(718) 250-1100
Our File No.: NYNY 28245

TO:  Andrew Derek Leftt
David P. Kownacki, P.C.
Attorney for Plaintiff
420 Lexington Avenue, Suite 2031
New York, NY 10170
(212) 557-4190

Francesca Elizabeth Connolly

Malapero & Prisco
585 Fifth Avenue
New York, NY 10017
(212) 661-7300